IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ALICIA C. FOX, | |
|     Plaintiff, | CIVIL ACTION NO.: 4:19-cv-192 |
|   v. | |
| CUMMINS, INC., and KELLY SERVICES, INC., | |
|     Defendants. | |

**O R D E R**

Presently before the Court is Defendant Cummins, Inc.'s Motion to Dismiss Count III of Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). (Doc. 14.) Plaintiff Alicia Fox initiated this action against Defendants Cummins, Inc. ("Cummins"), and Kelly Services, Inc. ("Kelly Services"), on August 6, 2019, (doc. 1), and later filed an Amended Complaint, (doc. 3). Plaintiff alleges that Defendants jointly decided to terminate her employment at Cummins because she was pregnant, thereby violating Title VII of the Civil Rights Act of 1964 ("Title VII"). (Id. at pp. 12–14.) She also asserts that Defendants are liable for conspiring to violate her Title VII rights pursuant to 42 U.S.C. § 1985(3) (at times, "Section 1985(3)"). (Id. at pp. 14–16.) Cummins subsequently filed the at-issue Motion, (doc. 14), and a supporting brief, (doc. 15), seeking dismissal of Plaintiff's conspiracy claim (Count III). Plaintiff filed a Response, (doc. 27), and Defendant filed a Reply, (doc. 29). For the reasons set forth below, the Court **GRANTS** Cummins' Motion to Dismiss, (doc. 14), and **DISMISSES** Count III of Plaintiff's

Amended Complaint, (doc. 3).  Plaintiff's other claims against Cummins shall remain pending before the Court.[1]

## STANDARD OF REVIEW

When evaluating a Rule 12(b)(6) motion to dismiss, a court must "accept[] the allegations in the complaint as true and constru[e] them in the light most favorable to the plaintiff."  Belanger v. The Salvation Army, 556 F.3d 1153, 1155 (11th Cir. 2009).  However, this tenet "is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Rather, "[a] complaint must state a facially plausible claim for relief, and '[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'"  Reese v. Ellis, Painter, Ratterree & Adams, LLP, 678 F.3d 1211, 1215 (11th Cir. 2012) (quoting Iqbal, 556 U.S. at 678).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not suffice.  Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

"The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief" and dismissal is proper.  Id. (internal quotation marks and citation omitted).  Dismissal under Rule 12(b)(6) is also permitted "when, on the basis of a

---

[1] Pursuant to a Joint Stipulation filed by Plaintiff and Kelly Services, (doc. 32), the Court entered an Order on February 21, 2020 requiring Plaintiff to arbitrate her claims against Kelly Services. (Doc. 38.) The Court also stayed this action as to Kelly Services "until the final determination of the arbitration proceedings." (Id.) Accordingly, the present Order pertains only to Plaintiff's claim(s) against Defendant Cummins.

dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993); see also Neitzke v. Williams, 490 U.S. 319, 326–27 (1989) (explaining that Rule 12 allows a court "to dismiss a claim on the basis of a dispositive issue of law").

## DISCUSSION

In December 2017, Kelly Services, a staffing agency, contacted Plaintiff about an open position at Cummins. (Doc. 3, p. 8.) Plaintiff was pregnant at the time, a fact she disclosed during her initial phone call with Kelly Services and at her subsequent interview with the Operations Manager of Cummins. (Id.) Plaintiff was hired and worked at Cummins until her termination on April 20, 2018. (Id. at pp. 4, 11.) In her Amended Complaint, Plaintiff alleges that, after conferring with Kelly Services, Cummins "agreed to terminate her employment . . . because of her pregnancy and because of her gender." (Id. at p. 15.) Plaintiff contends Cummins is liable for violating Title VII's protections against gender and pregnancy discrimination and for conspiring to violate her statutory rights under 42 U.S.C. § 1985(3). (Id. at pp. 12–16.)

In the at-issue Motion, Cummins argues that Plaintiff's conspiracy claim fails as a matter of law. (Doc. 15, p. 1.) Specifically, Cummins avers that "[Section] 1985(3) does not apply to private defendants for claims arising under Title VII;" thus, as a private employer, Cummins argues it cannot be held liable "under any set of facts" for conspiring to violate Plaintiff's Title VII rights. (Id. at p. 3.) In response, Plaintiff acknowledges that Cummins' assertion is supported by binding precedent but nonetheless encourages the Court to deviate from that authority. (Doc. 27, pp. 4–5.) The Court agrees with Cummins.

Under Section 1985(3), it is unlawful for "two or more persons" to conspire to deprive an individual "of the equal protection of the laws, or of equal privileges and immunities under the

3

laws." 42 U.S.C. § 1985(3). Where, as here, "the alleged § 1985(3) conspirators are private actors," a plaintiff may only recover for conspiracies that were "aimed at rights constitutionally protected against private impairment."[2] Jimenez v. Wellstar Health Sys., 596 F.3d 1304, 1312 (11th Cir. 2010) (citing Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 274 (1993)). As explained by the Eleventh Circuit Court of Appeals,

> The only rights the Supreme Court has expressly declared enforceable against private conspirators under § 1985(3) are the right to interstate travel and the right against involuntary servitude. Conversely, the Supreme Court has declared . . . [that] the rights protected under Title VII [are] insufficient to form the basis of § 1985(3) actions against private conspirators.

Id. (citing Bray, 506 U.S. at 278, and Great Am. Fed. Sav. & Loan Ass'n v. Novotny, 442 U.S. 366, 378 (1979)).

In her Amended Complaint, Plaintiff seeks to recover under Section 1985(3) by alleging that Defendants, motivated by her status as a pregnant woman, conspired to terminate her employment in violation of Title VII. (Doc. 3, pp. 14–16.) Because private "[c]onspiracies to violate rights protected by Title VII . . . are not cognizable under § 1985(3)," Plaintiff's claim fails as a matter of law. Gilmore v. Nat'l Mail Handlers Union Local 318, 517 F. App'x 784, 788–89 (11th Cir. 2013) (citing Jimenez, 596 F.3d at 1312). Accordingly, the Court **GRANTS** Cummins' Motion, (doc. 14).

---

[2] Plaintiff does not dispute that both Defendants are private, rather than public, employers, (see docs. 3, 27). See United Bhd. of Carpenters & Joiners, Local 610 v. Scott, 463 U.S. 825, 832 (1983) (distinguishing private conspiracies from those involving state actors).

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Cummins' Motion to Dismiss, (doc. 14), and **DISMISSES** Count III of Plaintiff's Amended Complaint, (doc. 3). Plaintiff's other claims against Defendant Cummins shall remain pending before the Court.

**SO ORDERED**, this 27th day of April, 2020.

_____
R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA